KOBAYASHI SUGITA & GODA, LLP
LEX R. SMITH             3485-0
MARIA Y. WANG            8842-0
999 Bishop Street, 26th Floor
Honolulu, Hawaii 96813
Tel:  808-535-5700
Fax:  808-535-5799
lrs@ksglaw.com; myw@ksglaw.com

Attorneys for Interested Party
SANDWICH ISLES COMMUNICATIONS, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | Case No. 18-01319 (RJF) |
|---|---|
| | (Chapter 11) |
| PANIOLO CABLE COMPANY, LLC, | |
| | MOTION FOR ORDER ENFORCING |
| | PURCHASE AND SALE |
| Debtor. | AGREEMENT AND CONVEYING |
| | TO BLUE IVORY HAWAII |
| | CORPORATION TITLE TO THE |
| | MILILANI REAL ESTATE; |
| | EXHIBITS "A" THROUGH "F"; |
| | DECLARATION OF LEX R. SMITH |
| | |
| | Hearing: |
| | Date:   September 28, 2020 |
| | Time:  2:00 p.m. |
| | Judge: Hon. Robert J. Faris |

MOTION FOR ORDER ENFORCING PURCHASE AND SALE AGREEMENT
AND CONVEYING TO BLUE IVORY HAWAII CORPORATION TITLE TO
THE MILILANI REAL ESTATE

BLUE IVORY HAWAII CORPORATION and SANDWICH ISLES COMMUNICATIONS INC. hereby move the Honorable Court for an order enforcing the Purchase and Sale Agreement approved by the Court on June 1, 2020, Granting Trustee Michael Katzenstein's Motion for Order (a) Authorizing the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances; (b) Approving the Trustee's Leaseback of Certain Real Property; and (c) Granting Related Relief. Specifically, it is requested that the Court order the Trustee Michael Katzenstein to complete the sale of the subject property to Blue Ivory Hawaii Corp. as set forth in the Purchase and Sale Agreement, pursuant to the terms of the Court's Order, a true copy of which is attached hereto.

This motion is based on the Order, attached hereto as Exhibit "A", the attached Declaration of Lex R. Smith and the record and file herein.

DATED: Honolulu, Hawaii, <u>August 26, 2020</u>.

*/s/ Lex R. Smith*
LEX R. SMITH
MARIA Y. WANG

Attorneys for Interested Party
SANDWICH ISLES
COMMUNICATIONS, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | Case No. 18-01319 (RJF) |
|---|---|---|
| | ) | (Chapter 11) |
| PANIOLO CABLE COMPANY, LLC, | ) | |
| | ) | DECLARATION OF LEX R. SMITH |
| Debtor. | ) | |

DECLARATION OF LEX R. SMITH IN SUPPORT OF
MOTION FOR ORDER ENFORCING SETTLEMENT AGREEMENT
AND CONVEYING TO BLUE IVORY HAWAII CORPORATION
TITLE TO THE MILILANI REAL ESTATE

LEX R. SMITH declares:

1. I am an attorney licensed to practice before this Court and one of the attorneys representing movants Blue Ivory Hawaii Corp. and Sandwich Isles Communications Inc. in this case.

2. Attached hereto as Exhibit "A" is a true and correct copy of the Court's Order, dated June 4, 2020 approving the Purchase and Sale Agreement between Trustee Michael Katzenstein (as seller) and Blue Ivory Hawaii Corp. as purchaser.

A copy of Exhibit "A" is kept in my office files in the ordinary and regular course of business.

3. Blue Ivory Hawaii Corp. has delivered to escrow each of "Buyer's Deliverables" as defined in Section 1.6(b) of the Purchase and Sale Agreement:

(i)  Deed.  One (1) counterpart original of the Deed, duly executed and acknowledged by BUYER;

(ii)  Conveyance Tax Certificate.  One (1) counterpart original of the Conveyance Tax Certificate, duly executed by BUYER**;**

(iii)  Lease.  Two (2) counterpart originals of the Lease, duly executed by BUYER;

(iv)  Memorandum of Lease.  One (1) counterpart original of the Memorandum of Lease, duly executed and acknowledged by BUYER**;**

(v) Lease Conveyance Tax Certificate.  One (1) counterpart original of the Lease Conveyance Tax Certificate, duly executed by BUYER;

(vi)  Certificate of Good Standing;

(vii)  Resolutions. Certified resolutions of the board of directors of BUYER authorizing the transactions contemplated by this Agreement, including the execution, delivery and performance of BUYER's obligations under the Lease, and the execution, delivery and performance of this Agreement, the Lease and any other obligation of BUYER contemplated herein or therein

(viii)  A letter to SELLER signed by Ownership, declining to exercise its Option to purchase the Property

4. Blue Ivory Hawaii Corp. has performed all of its obligations under the agreement entered by the Trustee and approved by the Court.

5. Blue Ivory Hawaii Corp. has delivered to escrow the purchase price and all other costs to close.

6. Attached hereto as Exhibit "B" is a true and correct copy of the email from Ms. Barbara Paulo of Title Guaranty Escrow Services Inc. confirming that the transaction is ready to close (but for the necessity of an order from the Court extending the closing deadline) and the Trustee's performance and Trustee Katzenstein's signature on the closing documents. A copy of Exhibit "B" is kept in my office files in the ordinary and regular course of business.

7. Mr. Katzenstein has not submitted to escrow the documents necessary to close.

8. Mr. Katzenstein's counsel has asserted the following excuse for his failure to perform the requirements under the Purchase and Sale Agreement:

> The Trustee and the Paniolo Creditors have repeatedly requested that the SIC Parties provide all of the documents relating to the operation and maintenance of the Paniolo Cable Network System and the A.2 Assets, including the Licenses and Entitlements, to facilitate the marketing and assignment of such rights to any buyer(s) in connection with the Paniolo Section 363 Sale. However, to date, the SIC Parties have not provided the requested information.

A copy of Mr. Bolton's letter is attached hereto as Exhibit "C."

9. On the basis of the above-quoted statement, Mr. Katzenstein's counsel, Jonathan Bolton, Esq. alleges that Sandwich Isles Communications and Waimana

Enterprises Ltd. have breached Section 3(c) of the parties' Rule 9019 Settlement Agreement, which provides in pertinent part:

> "The Parties agree to use their commercially reasonable efforts **to effect the assignment** of the Transferred Equipment and Property Rights …
>
> to **obtain all necessary and appropriate regulatory and third-party approvals** of the transactions, including the Licenses and Entitlements, contemplated in this Agreement, each as promptly as practicable, and to do all things reasonably necessary and appropriate in furtherance thereof."

10. None of the movants has violated this provision in any way. The Movants have cooperated fully, and in good faith.

11. Mr. Bolton further claims that Movants have breached Section 3(g) of the Settlement Agreement, which obligates them to:

> provide all access to the Transferred Assets and Equipment and to exercise best efforts to cooperate with the Paniolo Trustee in the orderly transfer of such assets to the Paniolo Trustee and in the inspection, due diligence and dissemination of information (**including authorizing and directing employees and agents of the SIC Parties to provide information**) to facilitate the marketing and sale of assets and assignment of contracts under or related to the Paniolo 363 Sale provided it does cause the SIC Parties to expend any funds. Failure to honor the consent and fully cooperate with the Paniolo Trustee shall constitute a default under this settlement and the SIC Parties shall forfeit their rights hereunder

12. Movants have not breached any portion of Section 3(g). As is discussed below Movants have provided all requested documentation and information in their possession or control. Any claim to the contrary is groundless.

13. The Trustee's claims are based on requests for documents that Movants either (1) have already provided to the Trustee; or (2) do not have. Movants have violated no promise to the Trustee at all.

14. On May 11, 2020, the Trustee's counsel requested copies of the documents reflecting "Entitlements" (documents like government permits and the like) which had been issued many years earlier. *See* Exhibit A to the Joint Use Agreement, a copy of which is attached hereto as Exhibit "D." A true and correct copy of Exhibit "D" is kept in my office files in the ordinary and regular course of business.

Almost immediately, the Trustee's counsel was told that it would be faster to get the documents from the permitting agencies that issued them:

> Because of cutbacks in personnel caused by SIC's situation, and the number of years (or decades) ago that the entitlements were obtained, It may be quicker to seek documentation from the agencies involved.
>
> Give me a call if you would care to discuss further.
>
> Lex

*See* email string between me and counsel for creditors, a copy of which is attached hereto as Exhibit "E." A true and correct copy of Exhibit "E" is kept in my office files in the ordinary and regular course of business.

15. Indeed, it is clear that this is exactly what the Trustee has done. As SIC recommended, the Trustee went to the governmental agencies that issued the permits and determined the status directly from the source.

16. Thus, the SIC parties cooperated fully and the Trustee obtained exactly what he was looking for. There has been no breach at all of the Purchase and Sale Agreement.

17. The Trustee also incorrectly asserted that the SIC Parties had breached the settlement agreement by not providing "as builts." However, while the SIC parties were searching to find the "as builts", they eventually discovered that they had already been provided to the Trustee's counsel in 2019, shortly after the bankruptcy was commenced. Attached hereto as Exhibit "F" is a true and correct copy of an inventory of the documents provided by Chuck Choi in 2019. The second item on the third page of that inventory shows that the binder containing the "as builts" was delivered to the Trustee in 2019. A copy of Exhibit "F" is kept in my office files in the ordinary and regular course of business.

18. SIC did not guarantee the existence of any document. SIC has provided the requested documents to the extent it has them. It is not obligated to do any more.

19. The Trustee was satisfied that the SIC Parties had met its obligations, when he executed the Assignment of Judgment as called for under the same Settlement Agreement. Thus, the claim that the SIC Parties breached their agreement is simply unsupportable.

20. Section 1.4 of the Purchase and Sale Agreement calls for the sale to close "not be later than fifteen (15) days after entry of the Section 363 Order." Unfortunately, more than 15 days has now elapsed since the Court entered the 363 Order and Title Guaranty Escrow has advised us that an order extending the closing deadline is now necessary. Accordingly, Movants also request that the Court's order extend the closing deadline to a date at least 15 days after entry.

The foregoing is true under penalty of perjury.

DATED: Honolulu, Hawaii, <u>August 26, 2020</u>.

                                       */s/ Lex R. Smith*
                                       LEX R. SMITH