

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>               Debtor. | Case No. 18-01319 (RJF)<br>(Chapter 11)<br><br>ORDER GRANTING MICHAEL KATZENSTEIN, AS CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (A) AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (B) APPROVING THE TRUSTEE'S LEASEBACK OF CERTAIN REAL PROPERTY; AND (C) GRANTING RELATED RELIEF<br><br><u>Hearing</u>:<br>Date: June 1, 2020<br>Time: 2:00 p.m.<br>Judge: Robert J. Faris |

## ORDER GRANTING MICHAEL KATZENSTEIN, AS CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (A) AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (B) APPROVING THE TRUSTEE'S LEASEBACK OF <u>CERTAIN REAL PROPERTY; AND (C) GRANTING RELATED RELIEF</u>

EXHIBIT A

8002609.2

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2921 Filed 03/26/20 Page 1 of 30
U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2721 Filed 06/04/20 Page 1 of 30

The *Motion for Order (A)Authorizing the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances; (B) Approving Trustee's Leaseback of Certain Real Property; and (C) Granting Related Relief* [Dkt. no. 257] (the "Motion") filed by Michael Katzenstein, as Chapter 11 Trustee (the "Trustee") of the Bankruptcy Estate of PANIOLO CABLE COMPANY, LLC (the "Debtor"), was considered by the Honorable Robert J. Faris, United States Bankruptcy Judge, at 2:00 p.m. on June 1, 2020 (the "Hearing"). Appearances of counsel are noted in the record.

The Court, after finding that due and adequate notice of the Motion having been given, and no other or further notice need be given under the circumstances, after finding that there were no objections to the Motion; after finding that the *Purchase and Sale Agreement* was negotiated in good faith and at arm's length between the parties; after finding that the sale of the real property located at 77-808 Kamehameha Highway, Mililani, Hawaii 96789, TMK No. (1)-9-5-2-3, being all of the land described in Transfer Certificate of Title No. 600,112 (the "Property") to Blue Ivory Hawaii Corp. ("Buyer") pursuant to the terms and conditions of the *Purchase and Sale Agreement* attached as Exhibit "A" to the Motion are reasonable and within the Trustee's business judgment, for the reasons set forth on the record of the Hearing, has decided that the Motion should be GRANTED.

It is therefore ORDERED, ADJUDGED and DECREED that:

1.     The Motion is GRANTED for the reasons set forth therein.

2.     The terms and conditions of the *Purchase and Sale Agreement*

attached as Exhibit "A" to the Motion are APPROVED.

3.     The Property shall be delivered to Buyer free and clear of liens,

claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

4.     Blue Ivory Hawaii Corp. is a "good faith purchaser" within the

meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the

benefits and protections thereof.

5.     The Court reserves jurisdiction over the parties to the *Purchase and*

*Sale Agreement* for the purposes of interpretation, implementation and

enforcement thereof.

**END OF ORDER**

Submitted by:

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHNATHAN C. BOLTON
  jbolton@goodsill.com
CHRISTOPHER P. ST. SURE
  cstsure@goodsill.com
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Chapter 11 Trustee
MICHAEL KATZENSTEIN

# PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (the "Agreement") is made and dated as of this18th day of May, 2020, by and among MICHAEL KATZENSTEIN, solely in his capacity as Chapter 11 Trustee of the Bankruptcy Estate of PANIOLO CABLE COMPANY, LLC ("SELLER") and BLUE IVORY HAWAII CORP., a Hawaii corporation with its mailing address at P. O. Box 893128, Mililani, Hawaii 96789 ("BUYER").

WITNESSETH:

WHEREAS, Paniolo Cable Company, LLC ("Paniolo") is a debtor in bankruptcy, *In re Paniolo Cable Company, LLC, Debtor*, Case No. 19-01319 (RJF) pending in the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court").

WHEREAS, **SELLER** is the duly-appointed Chapter 11 Trustee of Paniolo's bankruptcy estate.

WHEREAS, **SELLER** is the owner of certain real property more particularly described herein together with all easements, rights of way, privileges, and other rights and entitlements attached or appurtenant to said land, or used in connection therewith, as more particularly described in Exhibit "A" attached hereto (the "Property"); and

WHEREAS, pursuant to that certain Rule 9019 Settlement Agreement (Post-Judgment) effective as of March 6, 2020 (the "Settlement Agreement"), Waimana Enterprises, Inc. ("Ownership"), has the option to acquire the Property, itself or through a designee, as more particularly set forth in the Settlement Agreement; and

WHEREAS, Ownership has advised **SELLER** that Ownership does not presently expect to exercise the above-referenced option; and

WHEREAS, **BUYER** wishes to purchase and **SELLER** wishes to sell the Property pursuant to 11 U.S.C. Section 363 ("Bankruptcy Code Section 363"), subject to the terms hereof and upon approval by the Bankruptcy Court (the "Section 363 Order"); and conditions of this Agreement.

NOW, THEREFORE, in consideration of the premises and of the mutual covenants of the parties hereinafter expressed, it is hereby agreed as follows:

## ARTICLE I
## PURCHASE AND SALE

1.1     Agreement to Sell and Purchase.  In consideration with and subject to the terms and conditions hereof, on the Closing Date (hereinafter defined), **SELLER** shall sell, convey, assign, transfer and deliver title to the Property, in its "as-is", "where-is" condition and subject to the Section 363 Order, to **BUYER**, and **BUYER** agrees to purchase the Property from **SELLER**.

99923688.1

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2941 Filed 03/26/20 Page 4 of 30
U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2721 Filed 03/04/20 Page 44 of 230

1.2     Purchase Price.  The total purchase price to be paid to **SELLER** for the sale of the Property to **BUYER** as provided for herein shall be TWO MILLION AND NO/100 DOLLARS ($2,000,000.00) payable in full at Closing.

1.3     Possession.  On the Closing Date, **SELLER** shall turn over to **BUYER** possession of the Property in its "as-is", "where-is" condition.

1.4     Closing.  Closing shall occur upon the recordation of the Deed and Memorandum of Lease (the "Closing") in the Office of the Assistant Registrar of the Land Court of the State of Hawaii (the "Recording Office") on a mutually agreeable date after entry of the Section 363 Order free and clear of all liens and encumbrances arising after recordation of the Judgment in favor of Paniolo Cable Company, LLC on January 2, 2020, approving the transactions contemplated herein and the consummation thereof.  Time is of the essence with respect to Closing and the date upon which the Closing occurs (the "Closing Date") shall not be later than fifteen (15) days after entry of the Section 363 Order.  Closing shall be conducted through Title Guaranty, Escrow Number is 210-20149792 (the "Escrow Agent").

1.6     Documents at Closing.  Not later than the date which is two (2) business days prior to the Closing Date, the parties shall deliver to Escrow Agent the following:

(a)     Seller's Deliverables. SELLER shall execute and deliver to Escrow Agent each of the following documents not later than two (2) business days prior to the Closing Date:

(i)     Deed. One (1) counterpart original of the Chapter 11 Trustee's Quitclaim Deed (the "**Deed**") in substantially the form attached hereto as Exhibit "B" and duly executed and acknowledged by SELLER;

(ii)     Conveyance Tax Certificate.  One (1) counterpart original of the State of Hawaii Form P-64A conveyance tax certificate, completed and filled in to the mutual satisfaction of the parties for the Property, duly executed by SELLER;

(iii)     FIRPTA and HARPTA.  Affidavits sworn to by Seller, as required by both federal and State of Hawaii law, as amended, to the effect that Seller is not a "foreign person" as that term is defined under FIRPTA and is not a "nonresident person" as such term is defined under HARPTA, and setting forth the U.S. taxpayer identification number of Seller;

(iv)     Lease. Two (2) counterpart originals of a Lease, in form and content mutually agreeable to the parties, pursuant to which BUYER demises to SELLER or its designee, the right to use certain space within buildings on and other rights related to the Property (the "Lease"), duly executed by the SELLER;

(v)     Memorandum of Lease.  One (1) counterpart original of memorandum of the Lease, in recordable form and otherwise mutually agreeable to the parties (the "Memorandum of Lease"), duly executed and acknowledged by the SELLER; and

(vi)     Lease Conveyance Tax Certificate.  One (1) counterpart original of

99923688.1

the State of Hawaii Form P-64A conveyance tax certificate or State of Hawaii Form P-64B conveyance tax exemption, as applicable, completed and filled in to the mutual satisfaction of the parties for the Lease(the "Lease Conveyance Tax Certificate"), duly executed by **SELLER**.

(b) Buyer's Deliverables. **BUYER** shall execute and deliver to Escrow Agent each of the following documents not later than two (2) business days prior to the Closing Date:

(i)     Deed. One (1) counterpart original of the Deed, duly executed and acknowledged by **BUYER**;

(ii)     Conveyance Tax Certificate. One (1) counterpart original of the Conveyance Tax Certificate, duly executed by **BUYER**;

(iii)     Lease. Two (2) counterpart originals of the Lease, duly executed by **BUYER**;

(iv)     Memorandum of Lease. One (1) counterpart original of the Memorandum of Lease, duly executed and acknowledged by **BUYER**;

(v)     Lease Conveyance Tax Certificate. One (1) counterpart original of the Lease Conveyance Tax Certificate, duly executed by **BUYER**;

(vi)     Certificate of Good Standing. A certificate of good standing of **BUYER** certified by the Director of Commerce and Consumer Affairs of the State of Hawaii, dated within ten (10) days of the Closing Date; and

(vii)     Resolutions. Certified resolutions of the board of directors of **BUYER** authorizing the transactions contemplated by this Agreement, including the execution, delivery and performance of BUYER's obligations under the Lease, and the execution, delivery and performance of this Agreement, the Lease and any other obligation of **BUYER** contemplated herein or therein

(viii) A letter to SELLER signed by Ownership, declining to exercise its Option to purchase the Property.

1.7     Taxes. **BUYER** shall be responsible for the payment of all real estate taxes and assessments attributable to the Property.

1.8     SELLER's Costs. **SELLER** shall be responsible for its own attorneys and professional fees in connection with this Agreement.

1.9     BUYER's Costs. **BUYER** shall be responsible for payment of the following costs at Closing:

(a)     Purchase Price. The purchase price, which purchase price **BUYER** shall deposit with Escrow Agent not later than May 15, 2020 and which shall thereafter be maintained

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2741 Filed 03/26/20 Page 6 of 30

in escrow until Closing or termination.  This Agreement shall terminate in accordance with Article III below and in such event all options under the Settlement Agreement shall immediately terminate and be of no further force and effect.

        (b)      <u>Escrow Charges</u>.  All of Escrow Agent's costs and expenses;

        (c)      <u>Notice of Mortgage Pledge Or Purchase</u>.  The cost for preparing and filing a State of Hawaii Form D-37, completed and filled in to the mutual satisfaction of the parties and executed by **BUYER**;

        (d)      <u>Conveyance Taxes</u>.  All conveyances taxes payable in connection with both the transfer of the Property pursuant to the Deed and the demise under the Lease;

        (e)      <u>Recording Fees</u>.  All recording fees and costs; and

        (f)      <u>Other Costs</u>. All other costs associated with the Closing, it being understood that the SELLER shall bear no costs other than those set forth in Section 1.8 hereof.

    1.10   <u>Condition of Property "As Is"</u>.  **BUYER** acknowledges that, except as specifically set forth in this Agreement, **SELLER** is selling the Property "**AS IS**, **WHERE IS**" with all faults, and without any express or implied representations or warranties whatsoever, including without limitation, warranties of merchantability, or fitness for a particular purpose.

    1.11   <u>Conditions Precedent</u>.  Seller's obligations to close the transaction contemplated by this Agreement shall be conditioned upon the following:

        (a)      BUYER shall have completed all deliveries and actions required to be made by BUYER under Section 1.6(b) above;

        (b)      BUYER shall have delivered to Escrow Agent the purchase price and all other funds necessary to close the transactions contemplated herein;

        (c)      There shall be no breach of any of Buyer's representations, warranties and covenants set forth in this Agreement, the Deed or the Lease in any material respect; and

        (d)      The Bankruptcy Court shall have issued the 363 Order.

ARTICLE II
**WARRANTIES OF BUYER**

    **BUYER** makes the following representations and warranties, each of which representation and warranty is true and correct on the date hereof and will be true and correct on the date of closing, and which representations and warranties shall survive closing:

    2.1   <u>Corporate Authority</u>.   With respect to **BUYER** and its business, **BUYER** represents and warrants that:

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2941 Filed 08/26/20 Page 77 of 130
U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2721 Filed 06/04/20 Page 7 of 30

(a)     **BUYER** is a duly organized and validly existing corporation in good standing under the laws of the state of Hawaii.

(b)     **BUYER** has all the necessary power and authority to own and use its properties and to transact the business in which it is engaged, and has full power and authority to enter into this Agreement, to execute and deliver the documents and instruments required of **BUYER** herein, and to perform its obligations hereunder, including the full power and authority to enter into the Lease and lease a portion of the Property in accordance with the terms contained therein.

(c)     **BUYER** is duly authorized to execute and deliver, acting through its duly empowered and authorized officers, and to perform this Agreement and all documents and instruments and transactions contemplated hereby or incidental hereto, including the Lease.

ARTICLE III
**REMEDIES FOR BREACH OF AGREEMENT**

**SELLER** and **BUYER** agree that **BUYER** has the right to terminate this Agreement (a) without any liability to SELLER if, and only if, the Bankruptcy Court fails to enter the Order on or before July 1, 2020, or (b) at any time prior to the date and time that the closing documents are irrevocably submitted to the Recording Office for recordation on the Closing Date, provided, in such event, BUYER shall remain liable to SELLER for the Purchase Price and in the event of either (a) or (b) BUYER shall be responsible for all escrow termination fees, title fees and other costs imposed by Escrow Agent or the Title Company, if any, as a result of the termination of this Agreement and upon such termination all options to acquire to Property provided under the Settlement Agreement shall immediately terminate and be of no further force or effect. In the event **SELLER** breaches this Agreement, **BUYER** has the right to enforce the Agreement by specific performance. Other than as stated herein, neither party has any remedy against the other for breach of this Agreement.

ARTICLE VI
**BINDING AGREEMENT**

This Agreement shall be binding on and inure to the benefit of the parties named herein and to their respective heirs, administrators, executors, personal representatives, successors and assigns.

ARTICLE VII
**ASSIGNMENT**

Either party may assign its rights and interests hereunder without the prior written consent of the other.

99923688.1

5

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2921 Filed 02/26/20 Page 8 of 30
U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2921 Filed 02/26/20 Page 8 of 30

## ARTICLE VIII
## GOVERNING LAW

This Agreement shall be construed and interpreted according to the laws of the state of Hawaii.

## ARTICLE IX
## TIME OF THE ESSENCE

Time is of the essence with respect to each and every provision of this Agreement.

## ARTICLE X
## ENTIRE AGREEMENT

This Agreement, together with all the Exhibits attached hereto and incorporated by reference herein, constitutes the entire undertaking between the parties hereto, and supersedes any and all prior agreements, arrangements and understandings between the parties. Notwithstanding the foregoing, nothing in this Agreement shall affect the enforceability of the Settlement Agreement and other agreements entered into in connection therewith.

## ARTICLE XI
## COUNTERPARTS

This Agreement may be executed in two or more counterparts each of which shall constitute an original. Delivery of an executed counterpart of a signature page to this Agreement by e-mail and pdf copy shall be as effective as delivery of a manually executed counterpart of this Agreement. In proving this Agreement, it shall not be necessary to produce or account for more than one such counterpart signed by the party against whom enforcement is sought.

## ARTICLE XII
## SEVERABILITY

The provisions of this Agreement shall be deemed severable and the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the other provisions hereof.

## ARTICLE XIII
## MODIFICATION

Neither this Agreement nor any provision hereof may be waived, modified, amended, discharged or terminated except by an instrument in writing signed by the party against whom the enforcement of such waiver, modification, amendment, discharge or termination is sought, and then only to the extent set forth in such instrument.

[The Remainder of This Page Intentionally Left Blank]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

BLUE IVORY HAWAII CORP.,
a Hawaii corporation

By _____
Name: WENDY HEE
Title: VICE PRESIDENT

"BUYER"

_____
MICHAEL KATZENSTEIN
Trustee

"SELLER"

99923688.1

# EXHIBIT A
# REAL PROPERTY

# STATUS REPORT

This Report (and any revisions thereto) is issued for the sole benefit of the Purchaser of this Report identified in the Order No. referenced below.  Title Guaranty of Hawaii, LLC's responsibility for any actual loss incurred by reason of any incorrectness herein is limited to the lesser of $3,500 or two times the amount paid for this Report.

---------------------------------------------

# SCHEDULE A

Title Guaranty of Hawaii, LLC (the "Company") hereby reports as follows as to the title of the Parties named in Schedule A in and to the title to land described in Schedule C, subject to the matters set forth in Schedule B, based solely upon an abstract and examination of the following Indices in the State of Hawaii: (a) the Office of the Clerks of the Circuit Court of the Judicial Circuit within which the land is located; (b) the Office of the Clerk of the District Court of the United States for the District of Hawaii; (c) the Office of the Registrar of Conveyances; and (d) the Office of the Real Property Tax Assessment Division of the County within which the land is located.

MICHAEL KATZENSTEIN,
as Chapter 11 Trustee of the
Bankruptcy Estate of
PANIOLO CABLE COMPANY, LLC,
as Fee Owner

This report is subject to the Conditions and Stipulations set forth in Schedule D and is dated as of April 24, 2020 at 8:00 a.m.

**Inquiries concerning this report should be directed to:**
Title Officer - Nanette N. Kodate; Office: (808) 533-5887
Email: nkodate@tghawaii.com
Please reference Title Order No. 202010362.

202010362    235 QUEEN ST, HONOLULU, HAWAII 96813, PH: (808) 533-6261    EXHIBIT "A"

**SCHEDULE B**
**EXCEPTIONS**

1. Real Property Taxes, if any, that may be due and owing.

   Tax Key: (1) 9-5-002-003    Area Assessed: 162.842 acres

   -Note:- Attention is invited to the fact that the premises
           covered herein may be subject to possible rollback or
           retroactive property taxes.

2. Mineral and water rights of any nature.

3. Any and all matters not shown in the Indices described in
   Schedule A.

4. -AS TO LOT 1-A-1:-

   Access rights in favor of Lot 1-A-2, as set forth by Land Court
   Order No. 9104, filed July 11, 1949.

5. -AS TO LOTS 1-A-1 AND 1-A-4:-

   Access rights in favor of Lot 5402-A, as set forth by Land Court
   Order No. 39965, filed June 10, 1974.

6. -AS TO LOTS 1-A-1, 8-A-1, 8-A-2, 8-A-7, 8-A-8, 8-A-11 AND
   8-A-12:-

   (A)  Designation of vehicle access rights affecting said Lots,
        as shown on Map 32, as set forth by Land Court Order No.
        10990, filed February 8, 1952.

U.S. Bankruptcy Court - Hawaii   #20-00449   Dkt # 243   Filed 08/04/20   Page 13 of 30
U.S. Bankruptcy Court - Hawaii   #20-00449   Dkt # 243   Filed 08/04/20   Page 13 of 30

(B)     Restriction of abutter's access rights, except where access
        is permitted, to Kamehameha Highway across the boundary
        thereof; as shown on Map 32 of Land Court Application No.
        1000, as set forth by JUDGMENT and FINAL ORDER OF
        CONDEMNATION dated January 22, 1952, filed as Land Court
        Document No. 136087, Law No. 18547.


7.    -AS TO LOTS 8-A-5, 8-A-6 AND 8-A-7:-

      Access rights in favor of Lots 5399-A, 5400-A and 5401-A, as set
      forth by Land Court Order No. 39965, filed June 10, 1974.


8.    -AS TO LOT 8-A-5, 8-A-6, 8-A-7, 8-A-10 AND 8-A-11:-

      Access rights in favor of Lot 8-A-4, as set forth by Land Court
      Order No. 9106, filed July 11, 1949.


9.    -AS TO LOT 8-A-13-A:-

(A)     Restriction of access rights as shown on Map 52, as set
        forth by Land Court Order No. 13493, filed February 4,
        1955.


(B)     Abutter's rights of vehicle access appurtenant to said Lot;
        said abutter's rights of vehicle access is subject to
        various exceptions where access is permitted as shown on
        various maps and as to the reservation to change and
        relocate and/or widen any or all points of vehicle access,
        etc., as set forth in DEED dated December 20, 1956, filed
        as Land Court Document No. 197831, recorded in Liber 3217
        at Page 65.


10.   -AS TO LOT 540:-

235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

SCHEDULE B CONTINUED

    (A)    Abutter's rights of vehicle access appurtenant to said Lot; said abutter's rights of vehicle access is subject to various exceptions where access is permitted as shown on various maps and as to the reservation to change and relocate and/or widen any or all points of vehicle access, etc., as set forth in DEED dated December 20, 1956, filed as Land Court Document No. 197831, recorded in Liber 3217 at Page 65.

    (B)    Restriction of access rights, except where access in permitted, as shown on Map 68, as set forth by Land Court Order No. 15154, filed January 30, 1957.

    (C)    Access rights in favor of Lots 541 and 542, as set forth by Land Court Order No. 15154, filed January 30, 1957.

11.  -AS TO LOT 541:-

Access rights in favor of Lot 542, as set forth by Land Court Order No. 15154, filed January 30, 1957.

12.  -AS TO LOTS 5399-A, 5400-A, 5401-A AND 5402-A:-

    (A)    Abutter's rights of access into and from Interstate Highway, Federal Aid Project No. I-H2-1(4), as set forth by SECOND AMENDED FINAL ORDER OF CONDEMNATION dated May 1, 1987, filed as Land Court Document No. 1463073.

    (B)    Restriction of access rights, as shown on Map 687, as set forth by Land Court Order No. 85547, filed July 31, 1987.

13.  -AS TO LOT 5400-A:-

Access rights in favor of Lots 5399-A and 5401-A, as set forth by Land Court Order No. 85547, filed July 31, 1987.

U.S. Bankruptcy Court - Hawaii #20-00813-RJF Dkt # 77-4 Filed 06/04/20 Page 15 of 29

SCHEDULE B CONTINUED

14.  -AS TO LOTS 1-A-3, 1-A-4, 8-A-3, 8-A-6, 8-A-9, 8-A-10 AND
     8-A-13-A:-

     Right of access, if any, in favor of TMK (1)7-6-001-002, Armory
     Site (Hawaii National Guard).

15.  The terms and provisions contained in the following:

     INSTRUMENT : LIMITED WARRANTY DEED (WITH RESERVATIONS,
                  COVENANTS, CONDITIONS AND RESTRICTIONS)

     DATED      : December 31, 2001
     FILED      : Land Court Document No. 2766393

16.  -AS TO LOTS 1-A-1, 1-A-2, 1-A-3, 1-A-4, 8-A-1, 8-A-2, 8-A-3, 8-A-
     4, 5401-A and 5402-A:-

     The terms and provisions contained in the following:

     INSTRUMENT : AGREEMENT FOR ISSUANCE OF CONDITIONAL USE PERMIT
                  UNDER SECTION 21-5.380 OF THE LAND USE ORDINANCE
                  (LUO)

     FILED      : as Document No. 3918391, on November 24, 2009
     PARTIES    : SANDWICH ISLES COMMUNICATIONS, INC., a Hawaii
                  corporation, "Declarant"

17.  -AS TO LOTS 1-A-1 AND 8-A-2:-

     CANCELLATION OF RESTRICTION OF ACCESS RIGHTS AFFECTING LOTS 1-A-1
     AND 8-A-2 AS SHOWN ON MAP 32 AND DESIGNATION OF RESTRICTION OF
     ACCESS RIGHTS AFFECTING LOT 8-A-2 AS SHOWN ON MAP 32 as shown on
     Subdivision map dated February 10, 2010, approved by the City and
     County of Honolulu on February 19, 2010, 2009/SUB-245.

SCHEDULE B CONTINUED

18. PERPETUAL NON-EXCLUSIVE EASEMENT FOR THE CONSTRUCTION,
    MAINTENANCE AND OPERATION OF AN AIR STRIPPING SYSTEM LOCATED IN
    WAIPIO ACRES AND COUNTY OF HONOLULU, ISLAND OF O'AHU, STATE OF
    HAWAII dated January 25, 2012, recorded as Document No. A-
    44080691.

    (Not noted on Transfer Certificate(s) of Title referred to
    herein)

19. LEASE (RECORDED)

    LESSOR      :  SANDWICH ISLES COMMUNICATIONS, INC., a Hawaii
                   corporation

    LESSEE      :  WAIMANA ENTERPRISES INCORPORATED, a Hawaii
                   corporation

    DATED       :  December 19, 2017
    TERM        :  ending twenty-five years after December 19, 2017

    SHORT FORM MEMORANDUM OF LEASE AGREEMENT dated November 14, 2018,
    filed as Land Court Document No. T-10557182

20. LEASE (RECORDED)

    LESSOR      :  SANDWICH ISLES COMMUNICATIONS, INC., a Hawaii
                   corporation

    LESSEE      :  WAIMANA ENTERPRISES INCORPORATED, a Hawaii
                   corporation

    DATED       :  December 19, 2017
    TERM        :  ending twenty-five years after December 19, 2017

    SHORT FORM MEMORANDUM OF LEASE AGREEMENT dated November 14, 2018,
    filed as Land Court Document No. T-10557183

U.S. Bankruptcy Court - Hawaii #20-00889 Dkt # 241 Filed 06/04/20 Page 17 of 30
U.S. Bankruptcy Court - Hawaii #20-00889 Dkt # 241 Filed 06/04/20 Page 17 of 30
202010362

SCHEDULE B CONTINUED


21.  LEASE (RECORDED)

     LESSOR     :  SANDWICH ISLES COMMUNICATIONS, INC., a Hawaii
                   corporation

     LESSEE     :  CLEARCOM, INC., a Hawaii corporation

     DATED      :  December 19, 2017
     TERM       :  ending fifty years after December 19, 2017

     SHORT FORM MEMORANDUM OF LEASE AGREEMENT dated November 14, 2018,
     filed as Land Court Document No. T- 10557184



22.  LEASE (RECORDED)

     LESSOR     :  SANDWICH ISLES COMMUNICATIONS, INC., a Hawaii
                   corporation

     LESSEE     :  CLEARCOM, INC., a Hawaii corporation

     DATED      :  December 19, 2017
     TERM       :  ending twenty-five years after December 19, 2017

     SHORT FORM MEMORANDUM OF LEASE AGREEMENT dated November 14, 2018,
     filed as Land Court Document No. T-10557185


23.  REAL PROPERTY MORTGAGE AND FINANCING STATEMENT

     MORTGAGOR  :  SANDWICH ISLES COMMUNICATIONS INC, a Hawaii
                   corporation

     MORTGAGEE  :  HO'OPA'A INSURANCE CORP, a Hawaii corporation

     DATED      :  February 11, 2019
     FILED      :  Land Court Document No. T-10634225
     AMOUNT     :  $1,000,000.00

U.S. Bankruptcy Court - Hawaii  18-00319  Dkt # 242-1  Filed 06/04/20  Page 18 of 30

SCHEDULE B CONTINUED

24. Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

25. Any unrecorded leases and matters arising from or affecting the same.

26. Pending Bankruptcy No. 18-01319 filed in the United States Bankruptcy Court for the District of Hawaii, in the matter of the bankruptcy of PANIOLO CABLE COMPANY, LLC, Debtor(s). Involuntary Petition under Chapter 11 filed November 13, 2018.

**END OF SCHEDULE B**

© **Title Guaranty of Hawaii, LLC**
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

# SCHEDULE C

All of those certain parcel(s) of land situate at Waipio, Waikele, Waikakalaua, Ulu, Auiole Poopalupalu, Hopenui, Kahuaiki, Hanuhanu, Kanupoo, Kapakahi and Ewa, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows

| LOT | AREA | MAP |
|-----|------|-----|
| 1-A-1 | 1.083 acres | 18 |
| 1-A-2 | 0.032 acre | 18 |
| 1-A-3 | 0.083 acre | 18 |
| 1-A-4 | 0.431 acre | 18 |
| 8-A-1 | 0.245 acre | 20 |
| 8-A-2 | 17.863 acres | 20 |
| 8-A-3 | 0.902 acre | 20 |
| 8-A-4 | 3.191 acres | 20 |
| 8-A-5 | 0.084 acre | 20 |
| 8-A-6 | 0.014 acre | 20 |
| 8-A-7 | 0.396 acre | 20 |
| 8-A-8 | 20.694 acres | 20 |
| 8-A-9 | 1.250 acres | 20 |
| 8-A-10 | 0.014 acre | 20 |
| 8-A-11 | 0.457 acre | 20 |
| 8-A-12 | 13.807 acres | 20 |
| 8-A-13-A | 1.603 acres | 52 |
| 540 | 58.560 acres | 68 |
| 541 | 0.278 acre | 68 |
| 542 | 28.304 acres | 68 |
| 5399-A | 2.718 acres | 687 |
| 5400-A | 0.043 acre | 687 |
| 5401-A | 5.185 acres | 687 and |
| 5402-A | 5.605 acres | 687 |

as shown on the aforementioned Maps, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1000 of John Ii Estate, Limited;

As to Lot 1-A-2:  Together with access to a public highway, namely, Kamehameha Highway, by means of Lot 1-A-1 as shown on Map 18 of said Land Court Application No. 1000, as set forth by Land Court Order No. 9104, filed July 11, 1949.

As to Lot 8-A-4:  Together with access to a public highway, namely, Kamehameha Highway, by means of Lots 8-A-5, 8-A-6, 8-A-7, 8-A-10, 8-A-11 and 8-A-15 as shown on Map 20 of said Land Court Application No. 1000, as set forth by Land Court Order No. 9106, filed July 11, 1949.

© Title Guaranty of Hawaii, LLC
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

SCHEDULE C CONTINUED


As to Lot 541:  Together with access to a public highway over Lot 540 as shown on Map 68 of said Land Court Application No. 1000, as set forth by Land Court Order No. 15154, filed January 30, 1957.

As to Lot 542:  Together with access to a public highway over Lots 540 and 541 as shown on Map 68 of said Land Court Application No. 1000, as set forth by Land Court Order No. 15154, filed January 30, 1957.

As to Lot 5399-A:  Together with access to a public road over Lots 8-A-5, 8-A-6 and 8-A-7 as shown on Map 20, as set forth by Land Court Order No. 39965, filed on June 10, 1974, and Lot 5400-A as shown on Map 687, of said Land Court Application No. 1000, as set forth by Land Court Order No. 85547, filed July 31, 1987.

As to Lot 5400-A:  Together with access to a public road over Lots 8-A-5, 8-A-6 and 8-A-7 as shown on Map 20 of said Land Court Application No. 1000, as set forth by Land Court Order No. 39965, filed June 10, 1974.

As to Lot 5401-A:  Together with access to a public road over Lots 8-A-5, 8-A-6 and 8-A-7 as shown on Map 20, as set forth by Land Court Order No. 39965, filed on June 10, 1974, and Lot 5400-A as shown on Map 687, of said Land Court Application No. 1000, as set forth by Land Court Order No. 85547, filed July 31, 1987.

As to Lot 5402-A:  Together with access to a public road over Lots 1-A-1 and 1-A-4 as shown on Map 18 of said Land Court Application No. 1000, as set forth by Land Court Order No. 39965, filed June 10, 1974.



 Being land(s) described in Transfer Certificate of Title No. 1,192,670 issued to MICHAEL KATZENSTEIN, as Chapter 11 Trustee of the Bankruptcy Estate of PANIOLO CABLE COMPANY, LLC.


        BEING THE PREMISES ACQUIRED BY U.S. MARSHAL'S QUITCLAIM DEED

        GRANTOR    :  CHARLES L. GOODWIN, United States Marshal for the
                      District of Hawaii

U.S. Bankruptcy Court - Hawaii #20-00315 Dkt # 24-1 Filed 08/04/20 Page 21 of 30
U.S. Bankruptcy Court - Hawaii #20-00315 Dkt # 24-1 Filed 08/04/20 Page 21 of 30
202010362

SCHEDULE C CONTINUED


GRANTEE      :  MICHAEL KATZENSTEIN, as Chapter 11 Trustee of the
                Bankruptcy Estate of PANIOLO CABLE COMPANY, LLC

DATED        :  March 31, 2020
FILED        :  Land Court Document No. T-11067304



**END OF SCHEDULE C**

**© Title Guaranty of Hawaii, LLC**
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

## GENERAL NOTES

1.  There is hereby omitted from any covenants, conditions and reservations contained herein any covenant or restriction based on race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law. Lawful restrictions under state or federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

**© Title Guaranty of Hawaii, LLC**
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

# SCHEDULE D

## CONDITIONS AND STIPULATIONS

1. This Status Report (which term shall include any revisions thereto) is a report of the record title only, based solely upon an abstract and examination of the Indices described in Schedule A as of the date of the Report. No responsibility is assumed for (a) matters which may affect the title but either were not disclosed or were incorrectly disclosed in said indices at the date hereof; or (b) matters created, suffered, assumed, or agreed to by Purchaser; or (c) matters not shown herein but actually know to Purchaser. Title Guaranty of Hawaii, Inc. (the "Company") makes no representation as to the legal effect, validity or priority of matters shown or referred to herein.

2. If the Report is incorrect in any respect, the responsibility of the Company shall be limited to the resulting actual loss, including any attorney's fees and legal costs, but in no event shall exceed the lesser of $3,500 or two times the amount paid for the Report. Upon payment of any loss hereunder, the Company shall be subrogated to all rights the Purchaser may have against any person or property as a result of such loss.

3. If the Purchaser of this Report shall suffer an actual loss by reason of the incorrectness of the Report, the Purchaser shall promptly notify the Company in writing. After receipt of such notice, the Company shall be allowed a reasonable time in which to investigate the claim. At its sole option, the Company may litigate the validity of the claim, negotiate a settlement or pay to Purchaser the amount the Company is obligated to pay under this Report. The Company's responsibility hereunder constitutes indemnity only and nothing herein shall obligate the Company to assume the defense of the Purchaser with respect to any claim made hereunder.

4. This report is the entire contract between the Purchaser and the Company and any claim by Purchaser against the Company, arising hereunder, shall be enforceable only in accordance with the provisions herein.

5. Notice required to be given the Company shall include the Order Number of this Report and shall be addressed to Title Guaranty of Hawaii, Inc., P.O. Box 3084, Honolulu, HI 96802, Attention: Legal Department.

DATE PRINTED:  5/08/2020

STATEMENT OF ASSESSED VALUES AND REAL PROPERTY TAXES DUE

TAX MAP KEY

| DIVISION | ZONE | SECTION | PLAT | PARCEL | HPR NO. |
|----------|------|---------|------|--------|---------|
| (1) | 9 | 5 | 002 | 003 | 0000 |

CLASS: AGRICULTURAL                    AREA ASSESSED:    162.842 AC

ASSESSED VALUES FOR CURRENT YEAR TAXES:  2019

The records of this division show the assessed values and taxes on
the property designated by Tax Key shown above are as follows:

|  |  |  |  |
|--|--|--|--|
| BUILDING | $ | 121,600 | |
| EXEMPTION | $ | 0 | |
| NET VALUE | $ | 121,600 | |
| LAND | $ | 148,200 | AGRICULTURAL USE VALUE |
| EXEMPTION | $ | 0 | |
| NET VALUE | $ | 148,200 | |
| TOTAL NET VALUE | $ | 269,800 | |

Installment  (1 - due 8/20;  2 - due 2/20)     Tax Info As Of -   4/15/2020

| Tax Year | Installment | Tax Amount | Penalty Amount | Interest Amount | Other Amount | Total Amount | |
|----------|-------------|------------|----------------|-----------------|--------------|--------------|--|
| 2019 | 2 | 768.93 | | | | 768.93 | PAID |
| 2019 | 1 | 768.93 | | | | 768.93 | PAID |
| 2018 | 2 | 749.26 | | | | 749.26 | PAID |
| 2018 | 1 | 749.27 | | | | 749.27 | PAID |

The real property tax information provided is based on information furnished by the respective
counties, is deemed reliable but not guaranteed, and no warranties are given express or
implied. Billing and tax collection details may have changed. Please refer to the appropriate
county real property tax offices for any further information or updates for the subject property.

© Title Guaranty of Hawaii, LLC
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

**EXHIBIT B**

LAND COURT                                              REGULAR SYSTEM

After Recordation, Return by   Mail ( )   Pickup (X)  to:

      Lex R. Smith, Esq.
      KOBAYASHI, SUGITA & GODA
      First Hawaiian Center                                 Pages: __
      999 Bishop Street, Suite 2600
      Honolulu, Hawaii 96813
      Telephone (808) 535-5825

Tax Map Key No. (1) 9-5-002-003

## CHAPTER 11 TRUSTEE'S QUITCLAIM DEED

KNOW ALL MEN BY THESE PRESENTS:

        MICHAEL KATZENSTEIN, solely in his capacity as Chapter 11 Trustee of the

Bankruptcy Estate of PANIOLO CABLE COMPANY, LLC, hereinafter called "GRANTOR", for

good and valuable consideration paid to GRANTOR, the receipt of which is hereby acknowledged,

does hereby grant and convey unto: BLUE IVORY HAWAII CORP., a Hawaii corporation with its

mailing address at P. O. Box 893128, Mililani, Hawaii 96789, all of the right, title and interest of

GRANTOR in and to that certain real property ("Property") described more fully in Exhibit "A"

attached hereto and by reference made a part hereof.

AND TOGETHER WITH the reversions, remainders, rents, issues and profits thereof.

SUBJECT, HOWEVER, to the encumbrances set forth in Exhibit "A".

TO HAVE AND TO HOLD the same, together with the improvements thereon and the rights, easements, privileges and appurtenances thereunto belonging or appertaining unto the GRANTEE, in the above tenancy, and GRANTEE'' heirs, personal representatives and assigns, forever.

GRANTEE covenants and agrees with GRANTOR that the Property being sold and conveyed **"AS IS, WHERE IS, WITH ALL FAULTS"** and that GRANTOR makes no representations, warranties, promises, covenants, agreements or guaranties of any kind or character whatsoever, whether express or implied, oral or written, past, present or future, of, as to, concerning or with respect to any matter about the Property, its condition or available use, or about any structures, fixtures, equipment or anything else installed, attached, affixed or otherwise contained in the Property, including any warranties or promises of "habitability," "merchantability," "marketability," "profitability," "workmanlike construction" or "fitness for a particular use or purpose."

The terms "GRANTOR" and "GRANTEE", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine or feminine, the singular or plural number, individuals or corporations, and their and each of their respective successors, heirs, personal representatives and assigns, according to the context thereof.

These presents may also be signed in counterpart, each of which shall be deemed an original, but all of which when taken together shall constitute one agreement.  For all purposes, including, without limitation, recordation, filing and delivery hereof, duplicate unexecuted and

Ex. B

unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.

[The Remainder of This Page Intentionally Left Blank –
Signature Page Follows]

**IN WITNESS WHEREOF**, the undersigned have caused this instrument to be executed this _____ day of _____,2020.

_____
MICHAEL KATZENSTEIN, Trustee

"GRANTOR"

BLUE IVORY HAWAII CORP.,
a Hawaii corporation

By _____
    Name:
    Title:

"GRANTEE"

[Notary acknowledgements and property description to be appended hereto prior to execution]

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 2742 Filed 09/04/20 Page 29 of 29

H9022 (12/15)

| Information to identify the case: | | United States Bankruptcy Court |
|---|---|---|
| Debtor 1 | **Paniolo Cable Company, LLC** | **District of Hawaii** |
| | Name | |
| Debtor 2 (Spouse, if filing) | Name | Case number:  **18–01319**<br>Chapter:  **11** |

# NOTICE OF ENTRY OF ORDER OR JUDGMENT

NOTICE IS GIVEN THAT:

The court entered the following order or judgment on the date below,

**Order Granting Motion for Order (A) Authorizing the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances; (B) Approving the Trustee's Leaseback of Certain Real Property; and (C) Granting Related Relief (Related Doc # 257) Date of Entry: 6/4/2020. (JN)**

The order or judgment may be viewed at the Clerk's Office. It may also be viewed online using PACER, the federal judiciary's electronic records system. Information about obtaining and using a PACER account is available at the court website, www.hib.uscourts.gov.

Date:  June 4, 2020

Clerk's Office:
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813
(808) 522–8100
www.hib.uscourts.gov

Michael B. Dowling
Clerk