KOBAYASHI SUGITA & GODA, LLP
LEX R. SMITH               3485-0
MARIA Y. WANG            8842-0
999 Bishop Street, 26th Floor
Honolulu, Hawaii 96813
Tel: 808-535-5700
Fax: 808-535-5799
lrs@ksglaw.com; myw@ksglaw.com

Attorneys for Interested Party
SANDWICH ISLES COMMUNICATIONS, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>              Debtor. | Case No. 18-01319 (RJF)<br>(Chapter 11)<br><br>SANDWICH ISLES COMMUNICATIONS, INC.'S **REPLY** IN SUPPORT OF ITS MOTION FOR ORDER ENFORCING PURCHASE AND SALE AGREEMENT AND CONVEYING TO BLUE IVORY HAWAII CORPORATION TITLE TO THE MILILANI REAL ESTATE; CERTIFICATE OF SERVICE<br>[Dkt. No. 294, 299]<br><br>Original Date and Time:<br>Date: September 28, 2020<br>Time: 2:00 p.m.<br><br>**New Date and Time:**<br>Date: October 5, 2020<br>Time: 2:00 p.m.<br>Judge: Honorable Robert J. Faris |

# SANDWICH ISLES COMMUNICATIONS, INC.'S **REPLY** IN SUPPORT OF ITS MOTION FOR ORDER ENFORCING PURCHASE AND SALE AGREEMENT AND CONVEYING TO BLUE IVORY HAWAII CORPORATION TITLE TO THE MILILANI REAL ESTATE

## **INTRODUCTION**

A Purchase and Sale Agreement ("PSA") was negotiated and signed by the Trustee, approved by the Court, and the parties proceeded toward closing consistent with the PSA. At some point along the way, the Trustee decided not to close. The PSA defines the obligations of each party in order for the Mililani Real Estate to close. The PSA was signed by Trustee Michael Katzenstein. The PSA was approved by this Court's Order (Exhibit "A" to the Motion, with a copy of the PSA attached). The PSA has been performed by the Buyer in every material respect. The Court should order the Trustee to close now, without delay.

Movants have fully substantially performed every obligation under the PSA. (1) Movants have delivered to escrow the signed deed in the exact form attached to the PSA, while the Trustee has not; (2) Movants delivered a signed lease to escrow, while the trustee has not; and (3) movants timely delivered the entire purchase price and all closing costs to escrow only to have it languish there for months while the Trustee stalls.[1] The money to pay the conveyance tax has been in escrow for months,

---

[1] The Trustee's objection to the fact that title to the property is subject to leases in favor of Clearcom Inc. and Waimana Enterprises Inc. is complete nonsense. Those

so it is rather disingenuous for the Trustee to claim SIC hasn't performed because the paperwork to go with the conveyance tax payment hasn't been filled out.

In contrast, the Trustee has **not** submitted the signed deed to escrow. The trustee has **not** submitted a signed conveyance tax certificate. The Trustee has **not** submitted the FIRPTA/HARPTA affidavits; the Trustee has **not** signed and submitted the Lease nor Memorandum of Lease, even though the Lease was signed and submitted by Blue Ivory months ago. The Trustee really offers no excuse for his dilatory conduct. The only defense the Trustee even attempts to offer is that even though the buyer deposited the funds to pay all the taxes months ago, the buyer hasn't filled out the paperwork to pay the taxes when the transaction closes. At a minimum, the Buyer has substantially performed. Likewise, the Trustee tries to make a big deal out of the fact that there are preexisting leases to Clearcom and Waimana: but this has been known from the outset; it is disclosed on the title report attached to the purchase and sale agreement and presents no impediment to immediate closing. The Trustee's argument about the pre-existing leases to Waimana Enterprises Incorporated and Clearcom Inc. is a transparent dodge of his responsibilities under the PSA. The leases have been known to the Trustee from the outset. Indeed, they are disclosed in the title report that is attached the PSA and they

---

two leases are disclosed on the title search that is attached to the PSA and was in the possession of the Trustee long before the PSA was signed.

have never presented an impediment to Blue Ivory's ability to perform. The only thing that is preventing closing is the Trustee's unreasonable refusal to do so.

The following is the status of the transaction:

| Requirement | Buyer's Performance | Seller's Performance |
|---|---|---|
| Deed | Signed and submitted to Escrow | **DEFAULT** |
| Purchase Price | Deposited In Escrow Months Ago | **DEFAULT** |
| Conveyance Tax Certificate | Months ago, Buyer already paid the money into escrow to pay the entire conveyance tax. | **DEFAULT** |
| Lease-back to Paniolo | Buyer performed and submitted Lease to Escrow | **DEFAULT**. Seller has recently submitted an unsigned form of lease that is acceptable to Buyer if and when Seller signs it and submits it to Escrow. |
| Memorandum of Lease | This is dependent on the Seller signing the lease, which through the date of this memo the Seller has not done. | Dependent on Seller signing the lease |
| Lease Conveyance Tax Certificate | Months ago, Buyer put the money to pay the entire conveyance tax. Any accompanying paperwork will be filled out at closing | **DEFAULT** |
| Certificate of Good Standing | Certified and submitted to escrow. | |
| Resolutions | Signed and Submitted to Escrow | |

| Letter to seller. | Seller has been advised that this will be provided at closing | |
| FIRPTA/HARPTA certificate | No obligation | **DEFAULT** |

In short, the Trustee entered a binding contract to sell the Mililani real estate to Blue Ivory. Blue Ivory has fully performed (with respect to things like the conveyance tax certificates, Blue Ivory has put the money in escrow to pay the taxes and will file the paperwork when the transaction closes.) Blue Ivory is entitled to rely on the Trustee's commitments in the PSA and is now entitled to specific performance without further delay.

**Any Disputes Over The Terms Of The Settlement Agreement Provide No Excuse For the Trustee's Deliberate Breach of the PSA.**

The terms of the Settlement Agreement provide no excuse for the Trustee's continuing refusal to honor his commitment to close the transaction defined in the PSA. The PSA is dated <u>May 18, 2020</u> **more than two (2) months after the Rule 9019 Settlement Agreement**. The PSA specifically defines the conditions to closing owed by both parties. Those PSA's conditions have been met by the movants while the Trustee has steadfastly not performed.

Moreover, SIC has fully performed the Settlement Agreement. <u>SIC has fully cooperated regarding Entitlements and the "As Builts.</u>: The "Entitlements" that are being discussed are government authorizations: like building permits. Almost nobody could produce on short notice a copy of the building permit for their house!

5

So, SIC promptly told the Trustee it would be preferable to get copies from the relevant government agencies. Moreover, as indicated in the motion, that is exactly what the Trustee has done and obtained whatever he needs directly from the agencies.[2] SIC never promised that it possessed or could readily provide a copy of any "Entitlement." SIC has fully cooperated and can be counted upon to continue to do so. "There is no default, and there has been full cooperation. In the Rule 9019 Settlement Agreement, SIC made no representation that it had any particular document or documents. The language quoted by the Trustee contains no such representation. It merely says that SIC will cooperate, which SIC absolutely has done.

"As Builts." As Builts are not a condition of the PSA and the Trustee has no justification for refusing to close because of "as builts." Nevertheless, as explained in the original motion, SIC and its affiliates have performed and will continue to perform all of the obligations of the Settlement Agreement. In response to the Trustee's request for "as builts", an extensive search was undertaken, even calling in an ex-employee to assist. Finally, it was discovered that the only binder of as builts was delivered to the Trustee's counsel over a year earlier. The excuse offered

---

[2] Even Mr. Katzenstein's own declaration confirms that they have gone to the agencies directly. SIC never warranted that it had such documents. SIC did cooperate, which it has done and continues to do; but even that is not a condition of closing under the Court-approved PSA.

in the Trustee's papers filed in the court that the Trustee wanted non-existent as-builts was hatched after they were confronted with the fact that the as builts had long ago been produced. There are no other as builts in the possession or control of SIC or its affiliates other than what has already been produced. Movants simply have no other as builts to provide. Once again, the Settlement Agreement contains no representation that any party possesses any "as builts." Moreover, nothing about the Settlement Agreement is any condition on the Trustee's obligation to perform under the PSA that the Trustee signed and the Court approved.

**THE COURT NEEDS TO EXTEND THE CLOSING DATE**

Title Guaranty of Hawaii has noted that the closing date in the court's original order has long-since lapsed. Accordingly, it is requested that the Court extend the closing date to thirty (30) days from the entry of the order granting this motion.

Movants urged that an order be entered directing the Trustee to close. And if the Trustee continues his refusal to close for fifteen days after the court's order, Movants ask that the Court appoint someone else to sign the deed and related documents on behalf of the Trustee.

DATED: Honolulu, Hawaii, September 28, 2020.

*/s/ Lex R. Smith*
LEX R. SMITH
MARIA Y. WANG
Attorneys for Interested Party
SANDWICH ISLES
COMMUNICATIONS, INC.