CLARE E. CONNORS    7936
Attorney General, State of Hawai'i
CRAIG Y. IHA            7919
RYAN K. P. KANAKAOLE    9613
Deputy Attorneys General
Department of the Attorney
  General, State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813
Telephone: (808) 587-2978
Facsimile: (808) 586-1372
Email:    ryan.kp.kanakaole@hawaii.gov

ASHFORD & WRISTON
A Limited Liability Law Partnership LLP
JAMES K. MEE    2995-0
KEVIN W. HERRING    6722-0
999 Bishop Street
First Hawaiian Center, 14th Floor
Honolulu, Hawaii 96813
Telephone: (808) 539-0440
Facsimile: (808) 533-4945
Email: jmee@awlaw.com

Attorneys for the Department of Hawaiian Home Lands,
State of Hawai'i

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In re<br><br>PANIOLO CABLE COMPANY, LLC<br><br>               Debtor. | Case No. 18-01319 (RJF)<br>(Chapter 11)<br><br>Status Conference<br>Date: August 23, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Robert J. Faris<br><br>[Related Docket Entry: Dkt. #425] |

## DEPARTMENT OF HAWAIIAN HOME LANDS' RESPONSE REGARDING MICHAEL KATZENSTEIN, CHAPTER 11 TRUSTEE'S STATUS REPORT AND REQUEST FOR STATUS CONFERENCE, FILED HEREIN ON AUGUST 16, 2021 (DKT #425)

State of Hawai'i, Department of Hawaiian Home Lands ("DHHL") submits this response regarding Michael Katzenstein, Chapter 11 Trustee's Status Report and Request for Status Conference ("Status Report"). Dkt. 425.

In the Status Report, the Trustee indicates that disagreements have arisen between the Trustee and Sandwich Isles Communications ("SIC") regarding SIC fulfilling obligations under the Settlement Agreement and the Sale Order. Further, several exhibits were attached to the Status Report which seem to imply that SIC may still claim exclusive control of the Paniolo assets due to DHHL's License 372 originally issued to Waimana Enterprise, Inc.

DHHL is filing this response:

(1) to inform the Court of the present status of negotiations between DHHL and Hawaiian Telcom ("Buyer") regarding issuance of a new license that would permit Buyer's long-term use of DHHL lands to operate the Paniolo system, as well as interim agreements which authorize Buyer to maintain and operate the Paniolo system.

(2) to inform the Court of DHHL'S belief that SIC's apparent claim of exclusivity under License 372 is not correct.

U.S. Bankruptcy Court - Hawaii   #18-01319   Dkt # 432   Filed 08/19/21   Page 2 of 8

(3) to express its concern that SIC's incorrect claim of exclusivity may have an adverse on service to DHHL beneficiaries and others on the Hawaiian Home Lands.

I. **BACKGROUND**

On May 9, 1995, DHHL entered into a license with Waimana Enterprises, Inc. for development of broad band telecommunications services on the Home Lands. ("License 372"). License 372 stated it was an "exclusive" license.

Subsequently, there were partial assignments of License 372 to Waimana affiliates SIC, Pa Makani LLC dba Sandwich Isles Wireless, Clearcom, Inc. dba Sandwich Isles Broadband, and Debtor. SIC also entered into a joint use agreement with Debtor for a portion of the assets covered by License 372.

In 2017, the Federal Communications Commission ("FCC") issued an order determining that the exclusivity provisions of License 372 violated Section 253(a) of the Communications Act, 47 U.S.C. § 151 *et seq.*, and were accordingly preempted and non-enforceable under Section 253(d) of the Act. *See* Ex. "B" attached to the Declaration of James K. Mee (the Mee Decl.) (the "FCC Order").

This Chapter 11 proceeding was commenced in 2018. Subsequently, the Trustee filed Michael Katzenstein as Chapter 11 Trustee's Motion for Entry of an Order (A) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Approving the Asset

2764847v2

3

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 432 Filed 08/19/21 Page 3 of 8

Purchase Agreement, (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale, (D) Approving the Operational Support and Sales Services Agreement, (E) Approving a Break-Up Fee, and (F) Granting Related Relief ("Motion to Approve Sale"). (Docket #313.)

DHHL filed a Statement of Position (Docket #341), stating that DHHL did not object to the sale of the Paniolo assets to Buyer under the terms of the Motion to Approve Sale. DHHL further stated that the Buyer would need to enter into a new license for the use of Hawaiian Home Lands upon which certain of the Paniolo assets were located, which would authorize Buyer to build, construct, repair, maintain and operate the assets located on Hawaiian Home Lands. (Docket #341 at 4-5.)

## II. DHHL AND BUYER HAVE ENTERED INTO A RIGHT OF ENTRY AGREEMENT ALLOWING BUYER TO MAINTAIN AND OPERATE THE PANIOLO ASSETS LOCATED ON HAWAIIAN HOME LANDS ON AN INTERIM BASIS, AND ARE IN THE PROCESS OF NEGOTIATING A NEW LONG-TERM LICENSE.

DHHL and Buyer are presently negotiating a new license that would allow Buyer, on a long-term basis, to maintain and operate the Paniolo assets on the Hawaiian Home Lands. As the first step in that process, on July 26, 2021, DHHL's Chairman issued an initial 30-day Limited Right of Entry that allow Buyer to engage in due diligence activities prior to acquisition of the assets. The

U.S. Bankruptcy Court - Hawaii　#18-01319　Dkt # 432　Filed 08/19/21　Page 4 of 8

Limited Right of Entry is good for a period of thirty days. The issuance of the Limited Right of Entry recited, among other things, that it was in contemplation of the parties entering into negotiations for a new license. The terms of the Limited Right of Entry include, among other things, that DHHL and Buyer contemplated entering into negotiations for a new license. *See* Ex. "B" to Mee Decl., at 2.

Subsequently, at a regular meeting held on August 16, 2021, the Hawaiian Homes Commission approved a longer Right of Entry, to be on a month-to-month basis for a period of up to one year. Mee Decl. at ¶ 5. The final form of that Right of Entry agreement is presently being prepared and should be finalized and executed shortly. Mee Decl. at ¶ 6.

Concurrently, DHHL and Buyer are engaged in negotiations regarding a new long-term license. A proposed form of license was transmitted by counsel for DHHL to counsel for Buyer on August 5, 2021. Mee Decl. at ¶ 7.

Once a form of license is agreed upon by the parties, the proposed license will go through a beneficiary consultation process. Once that process is complete and beneficiary comments have been considered, the Hawaiian Homes Commission will make the final determination whether to approve the license. Mee Decl. at ¶ 8.

### III. LICENSE 372 IS NOT EXCLUSIVE, AND DOES NOT GIVE SIC EXCLUSIVE RIGHTS IN THE HAWAIIAN HOME LANDS, NOR PRECLUDE DHHL FROM ISSUING ANOTHER LICENSE TO BUYER.

The Exhibits to the Trustee's Status Report include several comments made by SIC which imply that, despite the clear wording and effect of the FCC Order, SIC still claims exclusive rights under License 372, and that DHHL is restricted in some fashion from entering into a new license with Buyer. For example, SIC states incorrectly that "[t]he assets on Hawaii Home Lands cannot be operated without Sandwich Isles' license." Letter of May 14, 2021, from SIC to Buyer. Exhibit "A" to Status Report. In an email dated June 2, 2021 from Al Hee of SIC to Buyer's consultant Winslow Tanabe, Mr. Hee incorrectly states that "[a]ll DHHL easements are part of the Waimana License which is not transferable." In another email from Mr. Hee to Mr. Tanabe of July 19, 2021, Mr. Hee incorrectly states that "HT [Buyer] does not own or control the property under the COs it purchased. HHL does subject to Waimana's license."

The quoted SIC statements are not correct for several reasons, including: first, it is DHHL's understanding that any interest of SIC in the Paniolo assets being acquired by Buyer, including that portion of License 372 which comprises part of the Paniolo assets, has been extinguished by the bankruptcy proceedings; and second, the FCC Order expressly ruled that the exclusivity provisions of License 372 violated Section 253 of the Communications Act, 47 U.S.C. § 151 et

U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 432 Filed 08/19/21 Page 6 of 8

seq., and were accordingly preempted and non-enforceable under Section 253(d) of the Act. Exhibit "C" attached hereto. As stated by the FCC:

> [W]e find that an exclusive license to "build, construct, repair, maintain, and operate" a network to provide telecommunications services that was granted by the State of Hawaii, Department of Hawaiian Home Lands . . . to Waimana Enterprises, Inc. . . . and then assigned to its subsidiary, Sandwich Isles Communications, Inc. . . . violates Section 253 of the Communications Act . . . we preempt enforcement of its exclusivity provision pursuant to 253(d) of the Act.

Exhibit "C" at 1.

Accordingly, since any rights of SIC under License 372 are not exclusive, DHHL is fully authorized to enter into the process and issue another license to the Buyer.

## IV. SIC SHOULD NOT BE ALLOWED TO DO ANYTHING WHICH MIGHT DISRUPT OR AFFECT THE QUALITY OF SERVICES BEING PROVIDED TO THE HOME LANDS.

The Trustee's Status Report recites a number of areas where SIC is apparently not cooperating in the transfer of control of the Paniolo network to the Buyer, which is acting as Servicer of the system prior to Closing of the transactions. Also, according to the Status Report, SIC has apparently indicated that, post-closing, it will attempt to maintain "dead-hand control" via the provisions of License 372. The Trustee states that SIC's actions "represent a clear

U.S. Bankruptcy Court - Hawaii  #18-01319  Dkt # 432  Filed 08/19/21  Page 7 of 8

and present danger to the operations, safety and security of the Paniolo Cable Network." (Dkt. 425 at 12-13.)

The present situation as outlined in the Status Report causes great concern for DHHL. Thousands of DHHL beneficiaries as well as others on Hawaiian Home Lands are presently serviced by the SIC system, which is connected to and dependent upon the "middle mile" Paniolo system.

DHHL respectfully requests that the Court make it clear that SIC is not permitted to take any action which jeopardizes the Paniolo network, including failing to cooperate in the prompt and lawful transfer of assets to Buyer, or SIC's provision of services to the Home Lands.

DATED: Honolulu, Hawai'i, August 19, 2021.

          CLARE E. CONNORS
          Attorney General, State of Hawaii

          CRAIG Y. IHA
          RYAN K.P. KANAKAOLE

          /s/ Kevin W. Herring
          JAMES K. MEE
          KEVIN W. HERRING

          Attorneys for the Department of
            Hawaiian Home Lands, State of Hawai'i