Date Signed:
May 17, 2022

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re:<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>Debtor. | Case No. 18-01319 (RJF)<br>Chapter 11 |

**ORDER GRANTING FINAL RELIEF IN CONNECTION WITH MOTION BY HAWAIIAN TELCOM, INC. ENFORCING THE COURT'S SALE ORDER**

Upon the motion (ECF No. 637, the "Motion")[1] of Hawaiian Telcom, Inc. ("HTI") seeking entry of a final order (this "Final Order") enforcing the Court's prior sale order; and an interim hearing having been held on April 18, 2022 to consider the interim relief requested in the Motion (the "Interim Hearing"); and the order granting interim relief under the Motion having been entered on April 22, 2022 at

[1] Any capitalized terms used but not defined herein hold the meanings ascribed to them in the Motion or its accompanying Memorandum in Support (ECF 637-1).

ECF 696; and a final hearing having been held on May 16, 2022 to consider the final relief requested in the Motion (the "Final Hearing" and together with the Interim Hearing, the "Hearings"); and the Court having considered the Motion, the supporting declarations and other supporting documents filed in connection with the Motion, and the record of both the Hearings, including the appearances of counsel; and the Court having considered all objections or responses to the Motion filed with the Court or asserted at the Hearings; and the Court having found and determined that the legal and factual bases set forth in the Motion and its supporting documents establish just cause for the final relief granted herein; and after due deliberation and good and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this Chapter 11 Case pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over these proceedings through its authority to interpret and enforce its own prior orders. *See Travelers Indem. Co. v. Bailey*, 557

U.S. 137, 151 (2009). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. This Final Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). This Court expressly finds that there is no just reason for delay in the implementation of this Final Order and expressly directs entry of this Final Order as set forth herein which shall not be subject to any stay.

D. The notice provided in connection with the Motion and the Final Hearing provided all interested parties (including, for the avoidance of doubt, each of SIC, Waimana Enterprises, Inc., Pa Makani LLC, Clearcom, Inc., and all affiliates) with timely and proper notice of the relief requested in the Motion. Further, a reasonable opportunity to object to and to be heard regarding the relief granted by this Final Order has been afforded to all parties entitled to notice. No further or other notice is or shall be required in connection with the relief granted in this Final Order.

E. The relief granted in this Final Order is necessary to ensure compliance with this Court's 363 Sale Order and other related previous orders.

F. Through the Marshal Sale (defined at ECF No. 637-1 at 4 of 59) and the 363 Sale (*id.*), HTI has properly acquired the entirety of the Paniolo Buildings (defined at ECF No. 637 at 4-5 of 8), and thus now holds exclusive control and ownership over, as well as rights of access to, the entirety of the Paniolo Buildings.



U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 729 Filed 05/17/22 Page 3 of 7

G. Through the Marshal Sale and the 363 Sale, HTI has properly acquired the assets that permit operation of the Paniolo Network (defined at ECF No. 637-1 at 11 of 59), including, without limitation, full rights of access to the Paniolo Premises, including those certain portions of the 372 License (defined at ECF No. 637-1 at 8-9 of 59) pertaining to the Paniolo Network and/or the Paniolo Premises that were formerly held by SIC. SIC, Waimana Enterprises, Inc., Pa Makani LLC, Clearcom, Inc., all affiliates thereof, as well as all members of the Hee family and all other individuals who have authority or *de facto* control over any of these entities (collectively, the "SIC Parties")[2] are thus prohibited from charging HTI any fees for accessing or using any assets that permit operation of the Paniolo Network, including, without limitation, the Paniolo Buildings and Paniolo Premises, and HTI is not required to pay any such fees.

H. Through the Marshal Sale and the 363 Sale, including HTI's acquisition of the perimeter fences surrounding the Paniolo Premises and its the acquisition of all keys relating to the Paniolo Buildings and Paniolo Premises, HTI has acquired the exclusive ability to control and maintain security for and over the entirety of the Paniolo Network, the Paniolo Buildings, and the Paniolo Premises.

[2] For the avoidance of doubt, the SIC Parties include, but are not limited to, Albert Hee, Wendy Hee, Adrianne Hee, Breanne Hee-Kahalewai, Jonathan "Mika Kane" Kahalewai, and Charlton Hee.

IT IS THUS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Any and all objections and responses to the Motion that have not been withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3. Each of the SIC Parties, including all of their officers, employees, contractors, personnel, agents, and representatives, are hereby compelled to:

a. Immediately cease removing, destroying, altering, replacing, or otherwise tampering with any of HTI's locks, chains, and other security apparatus pertaining to the Paniolo Network. For the avoidance of doubt, this includes any of HTI's locks, chains, and other security apparatus on and within the Paniolo Buildings and the Paniolo Premises (including all perimeter fences thereof), including but not limited to the following:

| | |
|---|---|
| 1. | Anahola [Kauai] Central Office |
| 2. | Kekaha [Kauai] Terminal Building |
| 3. | Nanakuli [Oahu] Terminal Building |
| 4. | Waimanalo [Oahu] Terminal Building |
| 5. | Kalamaula [Molokai] Terminal Building |
| 6. | Puunene [Maui] Terminal Building |
| 7. | Waiehu [Maui] Central Office |
| 8. | Puukapu [Hawaii] Terminal Building |
| 9. | Laiopua [Hawaii] Central Office |
| 10. | Hilo [Hawaii] Central Office |

b. Immediately (i) unlock all doors and locks within the Paniolo Buildings which they still hold keys to, (ii) turn over to HTI all such keys and copies of such keys; (iii) cease barricading or blocking any portion of the Paniolo Buildings, as well as cease drilling or tampering with locks, security apparatus, and doors for any portion of the Paniolo Buildings.

c. Immediately cease preventing or impeding in any way HTI's access (including access by HTI's contractors and agents) to the Paniolo Network, including on or within any portion of the Paniolo Buildings, the Paniolo Premises, and/or the perimeter fences thereof, including (without limitation) the following conduct: (i) blocking or shutting any entrances or gates, (ii) disabling or replacing any locks or security apparatus, (iii) installing any locks or security apparatus, and (iv) installing any bollards or barriers.

d. Immediately cease making police reports alleging that HTI (including HTI's contractors and agents) has been trespassing in or on any portion of the Paniolo Buildings and Paniolo Premises, or otherwise contacting the police with respect to HTI personnel accessing the Paniolo Network, including any portion of the Paniolo Buildings and Paniolo Premises.

e. Fully adhere to, and immediately cease or refrain from interfering in any way with, any and all of HTI's security measures and protocols



U.S. Bankruptcy Court - Hawaii #18-01319 Dkt # 729 Filed 05/17/22 Page 6 of 7

relating to the Paniolo Network, including such measures and protocols in, on, or within any portion of the Paniolo Buildings and Paniolo Premises;

f. Immediately remove their property from the "warehouse" rooms within the Paniolo Buildings in Anahola and Hilo.

4. This Final Order shall be binding in all respects upon all parties, including for the avoidance of doubt each of the SIC Parties.

5. The FCC's rights and powers to take any action pursuant to its regulatory authority, including, but not limited to, imposing any regulatory conditions on sales, transfers and assignments and setting any regulatory fines or forfeitures, are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

6. This Final Order shall be immediately effective and enforceable upon its entry. Any applicable stay is hereby waived and shall not apply to this Final Order.

7. This Court retains jurisdiction to enforce, implement, and interpret the 363 Sale Order and this Final Order.

**END OF ORDER**