SULLIVAN MEHEULA LEE
A Limited Liability Law Partnership

WILLIAM MEHEULA          (2277)
D. KAENA HOROWITZ       (9836)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2900
Honolulu, Hawai'i  96813
Telephone:  (808) 599-9555
Facsimile:  (808) 533-2467
Email: meheula@smlhawaii.com; kaena@smlhawaii.com

Attorneys for Plaintiff
WAIMANA ENTERPRISES INC.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAI'I

| In re<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>Debtor. | Case No. 18-01319<br>(Chapter 11)<br><br>MOTION FOR RECONSIDERATION OF FINDINGS OF FACT OF THE COURT'S ORDER GRANTING FINAL RELIEF IN CONNECTION WITH MOTION BY HAWAIIAN TELCOM, INC. ENFORCING THE COURT'S SALE ORDER, FILED MAY 17, 2022 [ECF NO. 729]; MEMORANDUM IN SUPPORT OF MOTION |
|---|---|

MOTION FOR RECONSIDERATION OF FINDINGS OF FACT OF
THE COURT'S ORDER GRANTING FINAL RELIEF IN CONNECTION
WITH MOTION BY HAWAIIAN TELCOM, INC. ENFORCING THE
COURT'S SALE ORDER, FILED MAY 17, 2022 [ECF NO. 729]

Waimana Enterprises Inc. ("Waimana") through its undersigned counsel, respectfully moves the Court for reconsideration of Findings of Fact F, G and H of the Court's Order Granting Final Relief in Connection with Motion by Hawaiian Telcom, Inc. Enforcing the Court's Sale Order.

This Motion is based on LBR 9024-1, Fed. R. Bankr. P. 9023, the attached declaration of counsel, exhibits and the record and file herein.

DATED: Honolulu, Hawai'i, May 27, 2022.

/s/ William Meheula
WILLIAM MEHEULA
D. KAENA HOROWITZ

Attorneys for Plaintiff
WAIMANA ENTERPRISES INC.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| In re<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>Debtor. | Case No. 18-01319<br>(Chapter 11)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Waimana Enterprises Inc. ("**Waimana**") urges that the Court reconsider its Findings of Fact F, G and H (ECF No. 729, page 3-4).

**Section F** states:

> F. Through the Marshal Sale (defined at ECF No. 637-1 at 4 of 59) and the 363 Sale (id.), HTI has <u>properly acquired the entirety of the Paniolo Buildings</u> (defined at ECF No. 637 at 4-5 of 8), and thus <u>now holds exclusive control and ownership over, as well as rights of access to, the entirety of the Paniolo Buildings</u>.

Emphasis added. ECF No. 637 at 4-5 of 8 listed 10 central offices and terminal buildings that are listed in Schedule A-2 of the February 4, 2020, Katzenstein filed Notice of Execution (#19-90022, ECF No. 36). Schedule A-2 at the end of the section entitled "Licenses" stated:

> -All licenses necessary to build, construct, repair, maintain and operate the Schedule A.2 assets, including without limitation <u>SIC's interest in License Agreement No. 372 issued by the State of Hawaii Department of Hawaiian Home Lands</u>.

-All existing and pending entitlements (including without limitation, SIC's interests in memoranda of agreement, <u>easements</u>, leases, <u>license agreements</u>, letters of approval, special area management permits, rights of way or rights of interest, necessary to build, construct, repair, maintain and operate the Schedule A.2 assets.

Earlier pages of A-2 listed the central offices and terminal buildings that comprise the "Paniolo Buildings". However, by the Rule 9019 Settlement Agreement effective as of March 6, 2020, and by Order entered on June 4, 2020**,"** (ECF No. 271), the Court approved the Rule 9019 Settlement Agreement between Trustee, Paniolo Creditors, SIC, and SIC Affiliates (Waimana, Pa Makani and Clearcom), which referenced, adopted and approved the Master Relationship Agreement ("**MRA**").

Schedule 2, section 2.3 of the MRA states:

**2.3. Entitlements.** The Parties <u>acknowledge</u> and agree that: (a) that certain Department of Hawaiian Home Lands License Agreement No. 372 ("DHHL License"), together with (b) the easements, leases, license agreements, letters of approval, special area management permits, rights of way or rights of entry granted to SIC or an SIC Affiliate and identified on Exhibit B hereto (the "Entitlements") are necessary for the operation and maintenance of the Paniolo Network (or were necessary for the construction of the Paniolo Network). <u>SIC hereby agrees to assign, transfer, or convey to Paniolo all Entitlements</u> **(other than the DHHL License)** <u>that may by their terms be so assigned or transferred and to the extent such assignment, transfer, or conveyance would not, in Paniolo's reasonable judgment, adversely affect service in the Hawaiian Home Lands.</u> <u>To the extent any Entitlement may not, by its terms, be so assigned or transferred, SIC shall (i) sublease or sublicense (as applicable) the Entitlement to Paniolo; or (ii) grant to Paniolo the broadest possible right to use the Entitlement.</u> For the avoidance of doubt, <u>the Parties acknowledge and agree that</u> **DHHL License will not be assigned by SIC to Paniolo**, <u>but that SIC shall, and hereby does, grant to Paniolo the full benefit and use of the DHHL License for the IRU Term</u>

2

<u>provided Paniolo does not exercise its rights under such grant to impair service to HHL</u>.

Emphasis added. Thus, regardless of whether the MRA was assumed by HTI, SIC Property did not include and the Trustee did not obtain "<u>SIC's interest in License Agreement No. 372 issued by the State of Hawaii Department of Hawaiian Home Lands</u>" listed in Schedule A-2 as the Trustee "acknowledged" that he did not obtain an assignment of SIC's interest in License 372 despite the wording in Schedule A-2. Acknowledge means **"to recognize the rights, authority, or status of"**. https://www.merriam-webster.com/dictionary/acknowledge#:~:text=to%20recognize%20the%20rights%2C%20authority%2C%20or%20status%20of. Thus, HTI's election to not assume the MRA does not invalidate the Trustee's acknowledgement.

Waimana's License 372 grant states:

NOW THEREFORE, LICENSOR, in consideration of the services to be provided by LICENSEE [Waimana], and the terms, conditions and covenants herein contained on the part of LICENSEE to be kept, observed and performed, hereby grants and issues to LICENSEE, and its legal successors and assigns, the [1] <u>exclusive right and privilege to build, construct, repair, maintain and operate a broad band telecommunications network including poles, overhead and/or underground lines, appliances, microwave and/or other types of equipment over, across, under and throughout all lands under the administration and jurisdiction of LICENSOR</u>, and its legal successors and assigns, including the right to trim and keep trimmed any vegetation, shrubbery, bushes or trees in the way of its lines and appurtenances, and [2] <u>including also the right of entry upon the Easement and adjoining land of LICENSOR for the construction, maintenance, operation and removal of LICENSEE'S line and appurtenances over, across and under the LICENSE area</u>.

3

U.S. Bankruptcy Court - Hawaii   #18-01319   Dkt # 740   Filed  05/27/22   Page 5 of 8

Section [1] is the exclusive right to provide telecommunications services throughout HHL that the FCC Order preempted by its Memorandum Opinion and Order dated 7/3/17, where the FCC Order removed the exclusivity aspect of the service right on HHL. ("**License 372 Service Right**").

Section [2] is the License exclusive easement granted by DHHL to Waimana in License 372 for certain areas of HHL, i.e. "the <u>easement area and adjoining land of LICENSOR for the construction, maintenance, operation and removal of LICENSEE'S line and appurtenances over, across and under the LICENSE area</u>." ("**License 372 Easement**"). SIC's easement areas include the central offices and terminal buildings or "Paniolo Buildings" to use HTI's terminology, but the license to the land under these buildings and access to them derive from License 372.

Indeed, DHHL twice informed this Court and HTI that HTI needs its own license (ECF No. 341 and No. 432). Moreover, even if HTI obtains a new license from DHHL, such easement cannot cover the same areas already granted Waimana and its subsidiaries under License 372 as that would constitute a breach of License 372 and breach of fiduciary duties by DHHL.

The effect of the Entitlement section of the MRA on the Trustee's levied title to SIC's interest in License 372 and, whether and if so how, the Trustee's acknowledgement is affected by the Court's approval of the MRA and then HTI's

4

decision not to assume it, at a minimum involve questions of fact and a State Court determination on the scope of and rights under License 372.

**Section G** states:

> Through the Marshal Sale and the 363 Sale, HTI has properly acquired the assets that permit operation of the Paniolo Network (defined at ECF No. 637-1 at 11 of 59), including, without limitation, <u>full rights of access to the Paniolo Premises, including those certain portions of the 372 License (defined at ECF No. 637-1 at 8-9 of 59)</u> pertaining to the Paniolo Network and/or the Paniolo Premises that were formerly held by SIC. <u>SIC, Waimana Enterprises, Inc., Pa Makani LLC, Clearcom, Inc., all affiliates</u> thereof, as well as all members of the Hee family and all other individuals who have authority or de facto control over any of these entities (collectively, the "SIC Parties")2 <u>are thus prohibited from charging HTI any fees for accessing or using any assets that permit operation of the Paniolo Network, including, without limitation, the Paniolo Buildings and Paniolo Premises, and HTI is not required to pay any such fees.</u>

"Paniolo Premises" is defined as "Paniolo Buildings and on the easement areas surrounding the Paniolo Buildings". Again, the easement areas to the Paniolo Buildings are covered by the License 372 Easement, which Trustee acknowledged was not transferred to him.

Furthermore, HTI cannot enforce SIC Affiliates' commitments in the Rule 9019 Settlement Agreement to provide access to the Transferred Assets and Equipment because said commitments were made in reliance on the Trustee entering into the MRA and committing that the assignor would be bound by the MRA, which did not happen. Again, at minimum a trial is necessary to determine

5

whether SIC Affiliates are bound by commitments made in the settlement agreement that HTI did not assume.

**Section H** states:

> Through the Marshal Sale and the 363 Sale, including HTI's acquisition of the perimeter fences surrounding the Paniolo Premises and its the acquisition of all keys relating to the Paniolo Buildings and Paniolo Premises, HTI has acquired the <u>exclusive ability to control and maintain security for and over the entirety of the</u> Paniolo Network, <u>the Paniolo Buildings, and the Paniolo Premises</u>.

Emphasis added. Waimana objects to HTI having exclusive control over the Paniolo Premises for the reasons set forth above and also because this area likely includes License 372 Easement areas that Waimana, Pa Makani LLC and Clearcom, Inc. developed and were not part of SIC's interest in License 372.

Waimana incorporates by reference the facts and positions set forth in the First Amended Complaint filed today (#22-90008, ECF No. 28).

For the above reasons, the Order should be reconsidered and modified.

DATED: Honolulu, Hawai'i, May 27, 2022.

/s/ William Meheula
WILLIAM MEHEULA
D. KAENA HOROWITZ

Attorneys for Plaintiff
WAIMANA ENTERPRISES INC.

6

U.S. Bankruptcy Court - Hawaii   #18-01319   Dkt # 740   Filed  05/27/22   Page 8 of 8